[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON A MOTION TO STRIKE
Facts
On April 3, 2001, the Connecticut State Board of Mediation and Arbitration found that it did not have jurisdiction to hear the plaintiff Robert Mordecai's claimed grievance against the Town of Hamden and its Personnel Appeal Board. That decision noted that the plaintiffs grievance claim was governed by General Statutes § 7-474 et seq.
Although the plaintiff claims that the decision of the Mediation and Arbitration Board was arbitrary and capricious, he has failed to appeal that decision or otherwise name the State Board of Mediation as a defendant in this administrative appeal.
Plaintiffs amended complaint dated July 31, 2001 contains 11 counts. Count One appears to be an appeal from the doings of the State Mediation Board although they are not named as a defendant. Count Two is an administrative appeal from the Hamden Personnel Appeal Board. This appeal is specifically authorized by § 7-422 of the General Statutes. Count Three claims a breach of the collective bargaining agreement and counts Four through Eleven appear to allege various claims essentially grounded in 42 U.S.C. § 1983.
In the prayer for relief, the plaintiff asks the court to "award him money damages including compensatory, attorneys fees, costs and punitive damages within the jurisdiction of the Superior Court."
The defendant has moved to strike Count One because it is against a nonparty and has moved to strike counts Three though Eleven because they are not administrative appeals. The defendant has also moved to strike any claim for money damages pursuant to Count Two because money damages are not available in an administrative appeal.
 Discussion
The question facing the court is whether a party can institute an administrative appeal under any appropriate section of the general statutes and join with it a civil action which is admittedly not an administrative appeal. Administrative appeals are defined in Practice Book, § 14-5. They are "appeals taken pursuant to statute from decisions of officers, boards, commissions or agencies of the state or of any political subdivision of the state, and includes specifically appeals taken pursuant to . . . [7-422]"
In addition, administrative appeals are civil actions pursuant to Practice Book, § 14-6. However, the manner in which administrative appeals are handled by the court system is substantially different from CT Page 12489 the manner in which most civil actions are handled. In general, the procedures for the management of administrative appeals is set forth in the Practice Book, § 14-7.
Some of the differences between administrative appeals and other civil actions are that" . . . the list for administrative appeals shall be privileged in respect to assignment." Practice Book § 14-7(f). Administrative appeals are placed on a separate trial list. Practice Book, § 14-4. Administrative appeals are generally heard on the record unless the court grants special permission to present evidence. The appeal in this case, pursuant to General Statutes § 7-422, is a record appeal.
At best, what the plaintiff is doing in the instant case is trying to join causes of action. It is not clear that an administrative appeal can be joined with a civil action since they are in some ways substantially different. However, if one is to examine the possibility of the joinder of causes of action then a motion to strike would be the proper method of challenging the joinder. Practice Book, § 10-39 provides in pertinent part:
 "Whenever any party wishes to contest. . . . (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts. . . . That party may do so by filing a motion to strike the contested pleading or part thereof."
The joining of diverse causes of action is controlled by Practice Book, § 10-21. That section lists seven categories of causes of actions which may be joined in a single complaint.
The courts holds that an administrative appeal and a civil action do not fall within any of the 7 subcategories of Practice Book § 10-21
which may be joined.
 Conclusion
The trial court in Dan Beard, Inc. v. Orange Planning and ZoningCommission 1992 Ct. Sup. 6734 (July 16, 1992) (McGrath, J) reached essentially the same conclusion when a plaintiff attempted to combine a zoning appeal with a 1983 action. While not bound by the decision in DanBeard, Inc., this court agrees substantially with Judge McGrath's reasoning. Counts One, Three, Four, Five, Six, Seven, Eight, Nine, Ten and Eleven and so much of the claim for relief as claims wage losses, loss of earning capacity, breach of contract, and punitive damages and CT Page 12490 attorneys' fees are stricken.
By the Court,
Kevin E. Booth Judge of the Superior Court